**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

DEC 17 2013

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| ENDURANCE AMERICAN SPECIALTY INSURANCE COMPANY, a Delaware Corporation,<br><br>     Plaintiff-counter-defendant - Appellee,<br><br>  and<br><br>RODNEY S. PALMER; et al.,<br><br>     Defendants - Appellees,<br>  and<br><br>AFA FINANCIAL GROUP, LLC,<br><br>     Defendant-counter-claimant - Appellee,<br><br>  v.<br><br>MICHAEL T. NOMMENSEN,<br><br>     Defendant - Appellant. | No. 12-55636<br><br>D.C. No. 2:11-cv-01073-DSF-AJW<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Central District of California

---

     [*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

Dale S. Fischer, District Judge, Presiding

Submitted December 4, 2013[**]
Pasadena, California

Before: PREGERSON and CHRISTEN, Circuit Judges, and SILVER, Senior District Judge.[***]

Michael Nommensen appeals the district court's order granting summary judgment to Endurance American Specialty Insurance Company (Endurance).[1] We affirm.

We must decide: (1) whether the district court erred by ruling that Nommensen's claim against AFA Financial Group, LLC (AFA) was excluded from coverage under Endurance's professional liability insurance policy; and (2) whether the district court abused its discretion by denying Nommensen a continuance before granting summary judgment.

In April 2009, AFA submitted an application for professional liability coverage from Endurance. Under the application's exclusion clause, AFA agreed that any claim "arising from" a fact or circumstance that was "required to be

---

[**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***]    The Honorable Roslyn O. Silver, Senior District Judge for the U.S. District Court for the District of Arizona, sitting by designation.

[1]    Because the parties are familiar with the facts and procedural history, we do not recount them here.

disclosed in response to Question 9 . . . is hereby expressly excluded from coverage." The policy itself also excluded from coverage "any **Claim** made pursuant to this Policy with respect to any **Insured Person** who knew, as of the effective date of the **Policy Period**, of any Facts that were not truthfully and accurately disclosed in the Application" (emphasis in original).

At the time AFA submitted the application, AFA was aware that in January 2009, Nommensen sent a "tip" to the Financial Industry Regulatory Authority (FINRA), alleging violations of FINRA's rules on unregistered employees. In response to FINRA's letter of inquiry, AFA's Chief Compliance Officer replied that Nommensen had violated FINRA rules, and that AFA had reprimanded his supervisor and requested that Nommensen be terminated. These events were "required to be disclosed" under the plain language of Question 9 of the insurance application, but were not.

In the underlying arbitration action at issue here, Nommensen alleged that an insured entity under AFA's supervision enticed him to bring his book of business to work there with the promise of being registered, that he was wrongfully terminated, and that AFA committed libel by misrepresenting the circumstances of his termination. These allegations "arose from" the same circumstances as

3

Nommensen's FINRA tip. Nommensen's claim is excluded from coverage under the plain language of the insurance application and policy.

Nommensen argues that, in order to successfully invoke the application's exclusion clause, Endurance had a duty to investigate AFA's response to Question 9. AFA was a sophisticated business entity with actual knowledge of the FINRA proceedings. There is no reason to depart from the plain language of the application. Nommensen's claim on the policy is excluded.

The district court did not abuse its discretion because Nommensen has not demonstrated "that allowing additional discovery would have precluded summary judgment." *Bank of Am., NT & SA v. Pengwin*, 175 F.3d 1109, 1118 (9th Cir. 1999). He has not pointed to any additional discovery that would alter the analysis above. On this record, the district court did not abuse its discretion by denying Nommensen a continuance before ordering summary judgment.

**AFFIRMED.**